No. 25-40027

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DAVID LOPEZ, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

_____

BRIEF FOR APPELLANT
_____

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas

KATHRYN SHEPHARD
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

## CERTIFICATE OF INTERESTED PERSONS
United States v. David Lopez, Jr.,
No. 25-40027

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.    The Honorable Jeffrey V. Brown, United States District Judge.

2.    David Lopez, Jr., Defendant-Appellant.

3.    United States of America, Plaintiff-Appellee.

4.    Counsel for Plaintiff-Appellee: United States Attorney Nicholas J. Ganjei; former United States Attorney Alamdar S. Hamdani; and Assistant United States Attorneys Kimberly Ann Bulger Leo and Carmen Castillo Mitchell.

5.    Counsel for Defendant-Appellant: Federal Public Defender Philip G. Gallagher; former Federal Public Defender Marjorie A. Meyers; and Assistant Federal Public Defenders Scott A. Martin and Kathryn Shephard.

s/ Kathryn Shephard
KATHRYN SHEPHARD

i

## REQUEST FOR ORAL ARGUMENT

Defendant-Appellant David Lopez, Jr., requests oral argument. Both issues on appeal require examining the applicability of complex provisions of the United States Sentencing Guidelines. Counsel therefore believes that oral argument would be beneficial to the Court.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ......................................................i

REQUEST FOR ORAL ARGUMENT .................................................. ii

TABLE OF CONTENTS ......................................................... iii

TABLE OF CITATIONS .........................................................v

STATEMENT OF JURISDICTION .......................................................1

STATEMENT OF THE ISSUES ...........................................................2

STATEMENT OF THE CASE ...............................................................3

    A.    Indictment and guilty plea. .................................................3

    B.    Presentence report and sentencing. ......................................4

    C.    Appeal. .....................................................................10

SUMMARY OF THE ARGUMENT ..................................................11

ARGUMENT ...........................................................................12

**ISSUE ONE RESTATED:** The district court plainly and reversibly erred by applying Section 2G2.2(b)(5)'s pattern enhancement. ...................12

    A.    Standard of review. ...........................................................12

    B.    The district court clearly and obviously erred by applying Section 2G2.2(b)(5)'s pattern enhancement without sufficient evidence. ...........................................................................13

    C.    The error affected Mr. Lopez's substantial rights. .............................18

# TABLE OF CONTENTS – (cont'd)

**Page**

D.    The error should be corrected by this Court because it seriously affects the fairness, integrity, and public reputation of the judicial proceedings...........................................................................................20

**ISSUE TWO RESTATED:** The district court reversibly erred by imposing Section 2G2.2(b)(3)(B)'s five-level distribution enhancement .................................................................................................................23

A.    Standard of review. ...........................................................................23

B.    The Section 2G2.2(b)(3)(B) enhancement requires evidence that the defendant distributed child pornography to another person for the specific purpose of obtaining something of valuable consideration from that other person ..................................................23

C.    The government failed to prove that Mr. Lopez agreed to exchange child pornography with another person for the specific purpose of obtaining something of value in return from that person ............................................................................................26

D.    The government cannot meet its heavy burden to prove that the district court's error was harmless ....................................................29

CONCLUSION ...................................................................................................35

CERTIFICATE OF SERVICE ...........................................................................36

CERTIFICATE OF COMPLIANCE ...................................................................37

# TABLE OF CITATIONS

**Page**

## CASES

*Molina-Martinez v. United States*, 578 U.S. 189 (2016) ..................... 12, 18-20, 29

*Pleasant v. State*, No. 03-04-00691-CR, 2005 WL 3330352
  (Tex. Ct. App. Dec. 9, 2005) (unpublished) ........................................ 16

*Rosales-Mireles v. United States*, 585 U.S. 129 (2018) ................................. 20-22

*Tienda v. State*, 479 S.W.3d 863 (Tex. Ct. App. 2015) ......................................... 16

*United States v. Parra*, 111 F.4th 651
  (5th Cir. 2024) ...................................................................................... 21

*United State v. Alfaro*, 30 F.4th 514
  (5th Cir. 2022) ................................................................................ 30, 33

*United States v. Bacon*, 646 F.3d 218
  (5th Cir. 2011) ...................................................................................... 12

*United States v. Baker*, 742 F.3d 618
  (5th Cir. 2014) ...................................................................................... 24

*United States v. Blanton*, 466 Fed. Appx. 358
  (5th Cir. 2012) (unpublished) ............................................................... 13

*United States v. Blanton*, 684 Fed. Appx. 397
  (5th Cir. 2017) (unpublished) ............................................................... 19

*United States v. Escalante-Reyes*, 689 F.3d 415
  (5th Cir. 2012) (en banc) ...................................................................... 33

*United States v. Fucito*, 129 F.4th 289
  (5th Cir. 2025) .............................................................................. 24, 27-28

# TABLE OF CITATIONS – (cont'd)

**Page**

## CASES – (cont'd)

*United States v. Gomez-Valle*, 828 F.3d 324
(5th Cir. 2016) ........................................................................... 12

*United States v. Groce*, 784 F.3d 291
(5th Cir. 2015) ........................................................................... 25

*United States v. Halverson*, 897 F.3d 645
(5th Cir. 2018) ................................................................ 7, 23, 26-29

*United States v. Herndon*, 807 Fed. Appx. 286
(5th Cir. 2020) (unpublished) ..................................................... 22

*United States v. Ibarra-Luna*, 628 F.3d 712
(5th Cir. 2010) ........................................................................... 30

*United States v. Juarez*, 626 F.3d 246
(5th Cir. 2010) ........................................................................... 13

*United States v. Kelley*, 40 F.4th 276
(5th Cir. 2022) ....................................................................... 19, 21

*United States v. Landreneau*, 967 F.3d 443
(5th Cir. 2020) ........................................................................... 12

*United States v. Lawrence*, 920 F.3d 331
(5th Cir. 2019) ....................................................................... 13, 23

*United States v. Martinez*, 12 F.4th 473
(5th Cir. 2021) ....................................................................... 29, 32

*United States v. Martinez-Romero*, 817 F.3d 917
(5th Cir. 2016) ........................................................................... 30

*United States v. McManus*, 734 F.3d 315
(4th Cir. 2013) ....................................................................... 25-26

# TABLE OF CITATIONS – (cont'd)

Page

## CASES – (cont'd)

*United States v. Mecham*, 950 F.3d 257
  (5th Cir. 2020) .................................................................... 33

*United States v. Morehouse*, 34 F.4th 381
  (4th Cir. 2022) .................................................................... 26

*United States v. Perez-Mateo*, 926 F.3d 216
  (5th Cir. 2019) ............................................................... 20-21

*United States v. Perlaza-Ortiz*, 869 F.3d 375
  (5th Cir. 2017) .................................................................... 30

*United States v. Perricone*, No. 22-51127, 2024 WL 2237965
  (5th Cir. May 17, 2024) (unpublished), *cert. denied*,
  No. 24-5339, 2005 WL 299531 (U.S. Jan. 27, 2025) ......................................... 13

*United States v. Ramirez*, 37 F.4th 233
  (5th Cir. 2022) .................................................................... 19

*United States v. Redmond*, 965 F.3d 416
  (5th Cir. 2020) ............................................................... 30, 33

*United States v. Tanksley*, 848 F.3d 347
  (5th Cir.), *supplemented*, 854 F.3d 284
  (5th Cir. 2017) .................................................................... 30

*United States v. Torres*, 601 F.3d 303
  (5th Cir. 2010) .................................................................... 12

*United States v. Urbina-Fuentes*, 900 F.3d 687
  (5th Cir. 2018) .................................................................... 21

*United States v. Villarreal-Garcia*, 761 Fed. Appx. 425
  (5th Cir. 2019) (unpublished) .............................................. 21

## TABLE OF CITATIONS – (cont'd)

Page

### STATUTES AND RULES

18 U.S.C. § 2241 ........................................................................ 14-15

18 U.S.C. § 2242 ........................................................................ 14-15

18 U.S.C. § 2243 ........................................................................ 14-15

18 U.S.C. § 2244 .......................................................................... 15

18 U.S.C. § 2246(2) ...................................................................... 15

18 U.S.C. § 2246(3) ...................................................................... 15

18 U.S.C. § 2251(a) .................................................................... 14-15

18 U.S.C. § 2251(b) .................................................................... 14-15

18 U.S.C. § 2251(c) .................................................................... 14-15

18 U.S.C. § 2251(d)(1)(B) .......................................................... 14-15

18 U.S.C. § 2251A ...................................................................... 14-15

18 U.S.C. § 2252A(a)(1) ................................................................ 3

18 U.S.C. § 2252A(a)(5)(B) ........................................................... 3

18 U.S.C. § 2252A(b)(1) ................................................................ 3

18 U.S.C. § 2252A(b)(2) ................................................................ 3

18 U.S.C. § 2260(b) .................................................................... 14-15

18 U.S.C. § 2421 .......................................................................... 14

18 U.S.C. § 2422 .......................................................................... 14

# TABLE OF CITATIONS – (cont'd)

Page

## STATUTES AND RULES – (cont'd)

18 U.S.C. § 2423 ........................................................................... 14

18 U.S.C. § 3553 .............................................................. 9, 19, 32

18 U.S.C. § 3742 ............................................................................. 1

28 U.S.C. § 1291 ............................................................................. 1

Fed. R. App. P. 4(b)(1)(A)(i) ....................................................... 1

Rule 28.2.1 ...................................................................................... i

Tex. Penal Code § 21.11 ............................................................. 15

Tex. Penal Code § 21.11(c) ........................................................ 16

## SENTENCING GUIDELINES

USSG App. C, amend. 801 ..................................................... 24-26

USSG § 2B1.1 ............................................................................. 23

USSG § 2G2.2, comment. (n.1) ................................ 14, 24, 26-27, 29

USSG § 2G2.2(a)(2) ..................................................................... 4

USSG § 2G2.2(b)(2) ..................................................................... 4

USSG § 2G2.2(b)(3) ................................................................... 23

USSG § 2G2.2(b)(3)(A) ......................................................... 23-24

USSG § 2G2.2(b)(3)(B) ...................................................... *passim*

## TABLE OF CITATIONS – (cont'd)

**Page**

## SENTENCING GUIDELINES – (cont'd)

USSG § 2G2.2 (b)(3)(F) .............................................................. 24-25, 30

USSG § 2G2.2(b)(4) ............................................................................ 4

USSG § 2G2.2(b)(5) ...................................................................... *passim*

USSG § 2G2.2(b)(6) ......................................................................... 4, 7

USSG § 2G2.2(b)(7)(D) ...................................................................... 4

USSG § 3E1.1 ...................................................................................... 4

USSG § 4A1.1(a) ................................................................................. 5

USSG § 4A1.1(e) ................................................................................. 5

USSG § 4A1.2(a)(2)(B) ....................................................................... 5

USSG § 4A1.2(e)(3) ............................................................................ 5

USSG Ch. 5, Pt. A (Sentencing Table) ............................... 18-19, 31, 33

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under 28 U.S.C. § 1291, as an appeal from a final judgment of conviction and sentence entered by the United States District Court for the Southern District of Texas, and under 18 U.S.C. § 3742, as an appeal of a sentence imposed under the Sentencing Reform Act of 1984.

The judgment appealed from was entered on the docket on January 15, 2025. Mr. Lopez timely filed his notice of appeal on January 17, 2025. *See* Fed. R. App. P. 4(b)(1)(A)(i).

## STATEMENT OF THE ISSUES

**ISSUE ONE**: Whether the district court plainly and reversibly erred by applying Section 2G2.2(b)(5)'s pattern enhancement.

**ISSUE TWO**: Whether the district court reversibly erred by imposing Section 2G2.2(b)(3)(B)'s five-level distribution enhancement.

## STATEMENT OF THE CASE

**A.     Indictment and guilty plea.**

On January 11, 2024, a federal grand jury in the Galveston Division of the United States District Court for the Southern District of Texas returned a four-count indictment charging Defendant-Appellant David Lopez, Jr., with (1) transportation of child pornography from on or about February 19, 2016, through January 14, 2020, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1); (2) possession of child pornography on or about February 2, 2020, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2); (3) transportation of child pornography from on or about June 14, 2022, through August 4, 2022, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1); and (4) possession of child pornography on or about October 10, 2022, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). ROA.10-14.

On June 27, 2024, Mr. Lopez pleaded guilty to the indictment, without a plea agreement. *See* ROA.117, 124, 132. The district court asked the government for the factual basis. ROA.126. The prosecutor made a proffer of facts, describing the investigation leading to the discovery of child pornography on Mr. Lopez's cell phones. ROA.126-132. The prosecutor also stated that Mr. Lopez "was convicted on June 8th of 2006 for the offenses of indecency with a child by contact and sexual assault of a child in the 10th Judicial District Court of Galveston County." ROA.131.

The district court confirmed with Mr. Lopez that he had heard the facts that the prosecutor had read and that those facts were true and correct "[a]s far as they concern acts committed by [him]." ROA.132.

## B.    Presentence report and sentencing.

The presentence report ("PSR"), using the 2024 edition of the United States Sentencing Guidelines ("USSG"),[1] calculated the total offense level to be 42 based on the following:

➢ 22 as the base offense level, USSG § 2G2.2(a)(2);

➢ +2 for material involving a minor under age 12, USSG § 2G2.2(b)(2);

➢ +5 for "distributing child pornography in exchange for valuable consideration but not for pecuniary gain," USSG § 2G2.2(b)(3)(B);

➢ +4 for material portraying sexual abuse or exploitation of an infant or a toddler, USSG § 2G2.2(b)(4);

➢ +5 for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor (prior cases)," USSG § 2G2.2(b)(5);

➢ +2 for use of a computer, USSG § 2G2.2(b)(6);

➢ +5 for 600 or more images, USSG § 2G2.2(b)(7)(D); and

➢ -3 for acceptance of responsibility, USSG § 3E1.1.

---

[1] The district court adopted the PSR with one change—to note use of the 2024 Guidelines Manual, instead of the 2023 edition. ROA.78, 1007. The 2024 edition was in effect on the date of sentencing and did not have any amendments to the Guidelines used in Mr. Lopez's case.

ROA.583-585 (PSR ¶¶ 39-53).

For criminal history, the PSR calculated Mr. Lopez's criminal history score as 10 and criminal history category as V, ROA.587 (PSR ¶¶ 61-63), based on the following:

| Date of Sentence | Offense/Sentence | USSG § | Pts. | Record |
|---|---|---|---|---|
| 05/09/1997 | Theft (misdemeanor): 60 days' imprisonment | 4A1.2(e)(3) | 0 | ROA.585 (PSR ¶ 55) |
| 01/19/1996 | Unlawful carrying of weapons in prohibited places (misdemeanor): 4 years' probation | 4A1.2(e)(3) | 0 | ROA.585 (PSR ¶ 56) |
| 06/08/2006 | Sexual assault of a child (felony): 10 years' imprisonment 07/16/2014: Paroled 12/04/2015: Discharged from parole | 4A1.1(a) | 3 | ROA.585-586 (PSR ¶ 57) |
| 06/08/2006 | Indecency with a child-sexual contact (felony): 10 years' imprisonment 07/16/2014: Paroled 12/04/2015: Discharged from parole | 4A1.2(a)(2)(B) | 0 | ROA.586 (PSR ¶ 58) |
| 05/01/2020 | Possession of a controlled substance (felony): 3 years' imprisonment 02/03/2022: Paroled | 4A1.1(a) | 3 | ROA.586-587 (PSR ¶ 59) |
| 05/01/2020 | Failure to comply with sex offender duty/registration for life (felony): 3 years' imprisonment 02/03/2022: Paroled 02/25/2023: Parole expiration | 4A1.1(a) | 3 | ROA.587 (PSR ¶ 60) |

| | Total of 7 or more criminal history points and committed the instant offense while under a criminal justice sentence (PSR ¶ 60) | 4A1.1(e) | 1 | ROA.587 (PSR ¶ 62) |
|---|---|---|---|---|

In paragraph 57, the PSR described Mr. Lopez's conviction for sexual assault

of a child as follows:

> The Texas City, Texas, Police Department incident report was awaited as of the submission of this report. Once received, the offense details will be updated through a Revised Presentence Report or an Addendum.

> The case agent informed the victim of this offense was the defendant's minor niece. According to the defendant's Pre-Release Texas Sex Offender Registration Program form, the victim in this case was 14 years old at the time of the offense.

> The defendant was represented by counsel. As a result of this conviction, the defendant was required to register as a sex offender for life and verify his registration every 90 days.

ROA.586 (PSR ¶ 57). In paragraph 58, the PSR described Mr. Lopez's conviction

for indecency with a child-sexual contact in nearly identical language, except the

victim's age:

> The Texas City, Texas, Police Department incident report was awaited as of the submission of this report. Once received, the offense details will be updated through a Revised Presentence Report or an Addendum.

> The case agent informed the victim of this offense was the defendant's minor niece. According to the defendant's Pre-Release Texas Sex Offender Registration Program form, the victim in this case was 13 years old at the time of the offense.

> The defendant was represented by counsel. As a result of this conviction, the defendant was required to register as a sex offender for life, and verify his registration every 90 days.

ROA.586 (PSR ¶ 58).

Based on a total offense level of 42 and a criminal history category of V, the PSR calculated the Guidelines imprisonment range as 360 months to life. ROA.592 (PSR ¶ 91).

The government filed a statement of no objection to the PSR. ROA.566-567. Mr. Lopez filed written objections to the PSR, arguing that the five-level distribution enhancement under Section 2G2.2(b)(3)(B) should not be applied based on the Guidelines commentary and this Court's decision in *United States v. Halverson*, 897 F.3d 645 (5th Cir. 2018). ROA.568-570. Mr. Lopez also objected to Section 2G2.2(b)(6)'s computer enhancement, but not to Section 2G2.2(b)(5)'s pattern enhancement. ROA.568-573.

The probation officer filed an addendum responding to Mr. Lopez's objections and asserting that the enhancements were correctly applied. ROA.988-989. The addendum did not add any information about Mr. Lopez's prior convictions. Regarding the five-level distribution enhancement, the addendum pointed to the fact that "the defendant admitted he accessed chatrooms which required the distribution of child pornography to receive additional images (see PSR, Paragraphs 22 and 23)." ROA.988. Paragraph 22 noted that Mr. Lopez, while in the

custody of the Brazoria County, Texas, Sheriff's Office, "stated he joined chatrooms created for the purposes of sending and receiving child pornography." ROA.581 (PSR ¶ 22). Paragraph 23 described the probation officer's conversation with the case agent:

> On July 25, 2024, the probation officer spoke with the HSI case agent. He confirmed the details of the case and explained the process in which the defendant sought and distributed child pornography. The defendant entered various chatrooms which required him to submit child pornography images to receive additional child pornography images. The agent noted some of these sources required frequent submissions to avoid being a "lurker," someone who views but does not contribute. The agent confirmed the defendant continued to seek and distribute child pornography whenever he was released from custody.

ROA.581 (PSR ¶ 23).

Mr. Lopez filed a sentencing memorandum, arguing for a downward variance to 240 months' imprisonment. ROA.1023-1029. The government filed a response to Mr. Lopez's objections and sentencing memorandum. ROA.1030-1040.

At sentencing on January 14, 2025, the district court overruled Mr. Lopez's objections and adopted the PSR. ROA.77-78. The court explained that "[t]he total offense level is 42; the criminal history category is 5. This produces a Guideline range of 360 months to life imprisonment." ROA.78.

The government requested a sentence of 480 months' imprisonment. ROA.79-86. During the prosecutor's argument, she referenced Mr. Lopez's prior convictions for sexual assault and indecency with a child and explained:

Unfortunately, we don't have the offense reports. I have checked with Probation, and they were unable to get it. And our office was unable to get it, and law enforcement was unable to get it because of the lapse in time, and I believe that the system of how they were – they were keeping those records has been changed.

But what we do know is he has these two different convictions, and from what he admitted to law enforcement when he was interviewed the first time in jail for the child pornography offenses, the individual that he had molested was his niece. We believe that it started when she was 13 and ended when she was 14, and that's based off of the Sex Offender registration, which does indicate the age of the child. And it lists both 13 and 14 in regards to that.

ROA.80-81.

Counsel for Mr. Lopez argued for a sentence of 20 years' imprisonment. ROA.87-91. After Mr. Lopez's allocution, the court explained that it "ha[d] considered the Guidelines and f[ound] that a sentence within the Advisory Guidelines [wa]s consistent with and t[ook] into account all of the purposes of 18 United States Code, Section 3553." ROA.92. The court imposed a sentence of 360 months on Counts One and Three and 240 months on Counts Two and Four, all to run concurrently, and a concurrent lifetime term of supervised release on each count. ROA.92. The court waived imposition of a fine and the $5,000 and $35,000 assessments, but imposed restitution in the amount of $15,000 and a special assessment of $100 per count. ROA.93.

**C.    Appeal.**

On January 17, 2025, Mr. Lopez timely filed a notice of appeal. *See* ROA.62-63; *see also* ROA.54 (judgment entered on January 15, 2025). In this appeal, Mr. Lopez argues that the district court (1) plainly and reversibly erred by applying Section 2G2.2(b)(5)'s pattern enhancement and (2) reversibly erred by imposing Section 2G2.2(b)(3)(B)'s five-level distribution enhancement.

## SUMMARY OF THE ARGUMENT

**ISSUE ONE**: The district court clearly and obviously erred by applying Section 2G2.2(b)(5)'s pattern enhancement without sufficient evidence. The PSR applied that enhancement based on Mr. Lopez's prior cases, but the relevant definitions exclude the conduct of touching through clothing. And nothing in the record excludes the possibility that Mr. Lopez's prior conviction for Texas indecency with a child-sexual contact involved touching through clothing. The error affected Mr. Lopez's substantial rights and seriously affected the fairness, integrity, and public reputation of the judicial proceedings because without the error, the Guidelines range would have been 324 to 405 months' imprisonment, instead of 360 months to life.

**ISSUE TWO**: The district court also reversibly erred by imposing a five-level distribution enhancement under Section 2G2.2(b)(3)(B). That enhancement applies only if the government proves that the defendant had a quid pro quo agreement to exchange child pornography with another person for the specific purpose of obtaining something of value in return from that person, and not some third party. Here, the government failed to meet its burden. Nor can the government meet its heavy burden to demonstrate that the error was harmless, either alone or in combination with the error identified in Issue One.

## ARGUMENT

**ISSUE ONE RESTATED:** The district court plainly and reversibly erred by applying Section 2G2.2(b)(5)'s pattern enhancement.

### A.     Standard of review.

This Court reviews de novo a district court's application of the Sentencing Guidelines, including Section 2G2.2(b)(5). *United States v. Bacon*, 646 F.3d 218, 220 (5th Cir. 2011) (citing *United States v. Torres*, 601 F.3d 303, 305 (5th Cir. 2010)). The district court's factual findings are reviewed for clear error. *United States v. Landreneau*, 967 F.3d 443, 449 (5th Cir. 2020) (citing *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016)).

However, in the absence of an objection below, plain-error review applies and has four prongs. "First, there must be an error that has not been intentionally relinquished or abandoned." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016). "Second, the error must be plain—that is to say, clear or obvious." *Id.* "Third, the error must have affected the defendant's substantial rights, which in the ordinary case means he or she must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* (internal citation and quotation marks omitted). "Once these three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

**B.    The district court clearly and obviously erred by applying Section 2G2.2(b)(5)'s pattern enhancement without sufficient evidence.**

The district court applied Section 2G2.2(b)(5)'s pattern enhancement based on Mr. Lopez's prior cases. That was clear and obvious error because the record lacks sufficient evidence that his prior conviction for Texas indecency with a child-sexual contact qualified for the enhancement. The mere fact that Mr. Lopez was convicted of that offense does not allow application of the enhancement because the Guidelines definition only includes "touching, *not* through the clothing," while the Texas statute includes "touching through clothing."

The government bears the burden to prove by a preponderance of the evidence the applicability of sentencing enhancements. *See, e.g.*, *United States v. Perricone*, No. 22-51127, 2024 WL 2237965, at *6 (5th Cir. May 17, 2024) (unpublished), *cert. denied*, No. 24-5339, 2025 WL 299531 (U.S. Jan. 27, 2025) (citing *United States v. Lawrence*, 920 F.3d 331, 337 (5th Cir. 2019)); *United States v. Blanton*, 466 Fed. Appx. 358, 359 (5th Cir. 2012) (unpublished) (citing *United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010)). The government failed to meet its burden in this case.

Section 2G2.2(b)(5) calls for a five-level increase to the base offense level "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." USSG § 2G2.2(b)(5). The Guidelines commentary defines "[p]attern of activity involving the sexual abuse or exploitation of a minor" to mean "any combination of two or more separate instances of the sexual abuse or sexual

exploitation of a minor by the defendant, whether or not the abuse or exploitation

(A) occurred during the course of the offense; (B) involved the same minor; or

(C) resulted in a conviction for such conduct." USSG § 2G2.2, comment. (n.1). The

commentary further defines "sexual abuse or exploitation" as follows:

> "Sexual abuse or exploitation" means any of the following:
> (A) conduct described in 18 U.S.C. § 2241, § 2242, § 2243, § 2251(a)–
> (c), § 2251(d)(1)(B), § 2251A, § 2260(b), § 2421, § 2422, or § 2423;
> (B) an offense under state law, that would have been an offense under
> any such section if the offense had occurred within the special maritime
> or territorial jurisdiction of the United States; or (C) an attempt or
> conspiracy to commit any of the offenses under subdivisions (A) or (B).
> "Sexual abuse or exploitation" does not include possession, accessing
> with intent to view, receipt, or trafficking in material relating to the
> sexual abuse or exploitation of a minor.

USSG § 2G2.2, comment. (n.1). Putting these definitions together, the government

needed to prove that Mr. Lopez committed two "separate instances" of "conduct

described" in one of the listed federal statutes (except for the jurisdictional element)

that is "an offense under state law." Although production of child pornography may

qualify as an instance of "conduct described," possession, accessing with intent to

view, receipt, or trafficking in child pornography does not.

In this case, the PSR applied the pattern enhancement based on Mr. Lopez's

"prior cases." ROA.584 (PSR ¶ 44). Although the PSR did not specify which "prior

cases," the only possibilities are Mr. Lopez's 2006 Texas convictions for sexual

assault of a child and indecency with a child-sexual contact. *See* ROA.585-586 (PSR

¶¶ 57-58). Therefore, the relevant listed federal statutes in the Guidelines

commentary are 18 U.S.C. §§ 2241, 2242, and 2243.[2] All offenses defined in those statutes require, among other conduct, a "sexual act," which is specifically defined to include "the intentional touching, *not through the clothing*, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2) (emphasis added).[3] Another federal statute, 18 U.S.C. § 2244, prohibits certain kinds of abusive "sexual contact," which is defined as "the intentional touching, either directly or *through the clothing*, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." § 2246(3) (emphasis added).[4] But 18 U.S.C. § 2244 is not listed in the Guidelines commentary, and so conduct amounting to "sexual contact" is excluded from the Guidelines definition applicable to the pattern enhancement.

Unlike the listed federal statutes, Texas defines the offense of indecency with a child-sexual contact, in violation of Tex. Penal Code § 21.11, to include touching *through clothing*. Specifically, Section 21.11(c) provides:

---

[2] The other listed federal statutes are not relevant because the conduct they describe includes the production or importation of child pornography, 18 U.S.C. § 2251(a)-(c), § 2251(d)(1)(B), 2251A, 2260(b), or the transportation of an individual for prostitution or other criminal sexual activity, 18 U.S.C. §§ 2421, 2422, 2423.

[3] The definition of "sexual act" has been the same since at least October 29, 1998.

[4] The definition of "sexual contact" has also been the same since at least October 29, 1998.

(c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

> (1) any touching by a person, including touching *through clothing*, of the anus, breast, or any part of the genitals of a child; or

> (2) any touching of any part of the body of a child, including touching *through clothing*, with the anus, breast, or any part of the genitals of a person.

Tex. Penal Code § 21.11(c) (emphasis added).[5] For example, in *Tienda v. State*, 479 S.W.3d 863 (Tex. Ct. App. 2015), the indictment alleged that the defendant had "committed the offense of indecency with a child by sexual contact 'by touching the buttocks of [S.D.] with his male sexual organ with the intent to arouse or gratify the sexual desire of [Appellant],'" and the Texas appellate court held that evidence of touching through clothing was sufficient to sustain the convictions. *Id.* at 873-74.

Because of that mismatch in definitions, the mere fact that Mr. Lopez was convicted of Texas indecency with a child-sexual contact does not mean that he committed conduct covered by the pattern enhancement. Put another way, his conviction may have rested on conduct that is excluded from the Guidelines definition of "sexual abuse or exploitation." The government would have had to

---

[5] The statute has explicitly defined "sexual contact" to include "touching through clothing" since 2001, but even before that, Texas state courts had "repeatedly construed" the statute "to allow the State to prove sexual contact with evidence of non-skin-to-skin touching, including touching through clothing." *Pleasant v. State*, No. 03-04-00691-CR, 2005 WL 3330352, at *3 (Tex. Ct. App. Dec. 9, 2005) (unpublished) (collecting cases).

produce evidence that Mr. Lopez's underlying conduct met the Guidelines definition. It failed to do so.

The record does not include any documents related to the prior conviction, and the PSR's description of the offense provided only the following:

> The Texas City, Texas, Police Department incident report was awaited as of the submission of this report. Once received, the offense details will be updated through a Revised Presentence Report or an Addendum.
>
> The case agent informed the victim of this offense was the defendant's minor niece. According to the defendant's Pre-Release Texas Sex Offender Registration Program form, the victim in this case was 13 years old at the time of the offense.
>
> The defendant was represented by counsel. As a result of this conviction, the defendant was required to register as a sex offender for life, and verify his registration every 90 days.

ROA.586 (PSR ¶ 58). The addendum did not add any information about his prior cases. ROA.988-989. At sentencing, the prosecutor confirmed the unavailability of further information about his prior cases. ROA.80-81. Other than the victim's age and status as Mr. Lopez's niece, the record does not contain any facts about the conduct underlying Mr. Lopez's prior conviction. The government thus did not produce sufficient evidence for the district court to apply the pattern enhancement.

In sum, nothing in the record excludes the possibility that Mr. Lopez's prior indecency conviction involved touching through clothing, but that conduct is excluded from the pattern enhancement. Because the government did not meet its

burden to produce sufficient evidence, the district court clearly and obviously erred by applying the pattern enhancement.

## C.    The error affected Mr. Lopez's substantial rights.

The plain error affected Mr. Lopez's substantial rights. The Guidelines range would have been lower without the error, and the district court imposed a sentence corresponding precisely to the low end of the incorrect, higher Guidelines range. ROA.78, 92.

The Supreme Court has held that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016). Accordingly, "[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Id.* at 200.

The district court's error in applying the pattern enhancement resulted in an erroneously high Guidelines range. Without the error, Mr. Lopez's total offense level would have been 37, instead of 42. *See* ROA.583-585 (PSR ¶¶ 39-53). The lower offense level of 37 with the same criminal history category of V yields a Guidelines imprisonment range of 324 to 405 months, instead of 360 months to life. *See* USSG

Ch. 5, Pt. A (Sentencing Table). The district court imposed a sentence that corresponded precisely to the low end of the incorrect, higher range, and the court explained that it had "considered the Guidelines and f[ound] that a sentence within the Advisory Guidelines [was] consistent with and t[ook] into account all of the purposes of 18 United States Code, Section 3553." ROA.92; *see also* ROA.78 (the district court's Guidelines calculations as a total offense level of 42, criminal history category of V, and range of 360 months to life imprisonment).

On this record, there is a reasonable probability of a lower sentence under the framework of *Molina-Martinez. See, e.g.*, *United States v. Kelley*, 40 F.4th 276, 287 & n.23 (5th Cir. 2022) (finding an effect on substantial rights when the district court's error increased the Guidelines range, and "the district court's sentencing colloquy did not include any specific reasoning for imposing [the sentence it selected], much less suggest that it would have imposed the same sentence regardless of the guidelines range"); *United States v. Ramirez*, 37 F.4th 233, 237 (5th Cir. 2022) (finding that a plain Guidelines calculation error had an effect on substantial rights when the original sentence corresponded precisely to the low end of the incorrect, higher range); *United States v. Blanton*, 684 Fed. Appx. 397, 400 (5th Cir. 2017) (unpublished) (finding an effect on substantial rights when the court "expressly tied its sentencing decision to the low end of the erroneous[ly]-applied Guidelines sentencing range" and rejecting the government's argument that the error didn't

19

affect substantial rights when the original sentence was within both the correct and incorrect ranges because the Supreme Court had "remanded in *Molina-Martinez* in similar circumstances, finding 'at least a reasonable probability' a lower sentence would have been imposed") (quoting *Molina-Martinez*, 578 U.S. at 202).

**D.    The error should be corrected by this Court because it seriously affects the fairness, integrity, and public reputation of the judicial proceedings.**

Finally, the Court should correct the district court's plain and prejudicial error in this case because the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 585 U.S. 129, 135 (2018) (quoting *Molina-Martinez*, 578 U.S. at 194). This case involves a plain Guidelines calculation error that creates a reasonable likelihood of a lower sentence on remand. "The risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the district court plays in calculating the range and the relative ease of correcting the error." *Id.* at 140. And, "[i]n the ordinary case, as here, the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Id.* at 145. That is in part because, as this Court has explained, "[a]llowing such a defendant to be re-sentenced with corrected Guideline calculations reduces the risk of unnecessary jail time and 'exhibit[s] regard for fundamental rights and respect for prisoners as people.'" *United States v. Perez-*

*Mateo*, 926 F.3d 216, 218 (5th Cir. 2019) (quoting *Rosales-Mireles*, 585 U.S. at 139-40).

This case qualifies as ordinary, and the record does not reveal any countervailing factors. A defendant's criminal history is "not relevant" to the fourth-prong analysis, and is "not one of the 'countervailing factors' that the Court had in mind' in *Rosales-Mireles*." *United States v. Parra*, 111 F.4th 651, 663 (5th Cir. 2024) (quoting *United States v. Urbina-Fuentes*, 900 F.3d 687, 698 (5th Cir. 2018)). While relevant to the district court's "determination of an appropriate sentence," criminal history "does not help explain whether plain procedural error . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Rosales-Mireles*, 585 U.S. at 144 n.5; *see also United States v. Villarreal-Garcia*, 761 Fed. Appx. 425, 428 (5th Cir. 2019) (unpublished) (recidivism and criminal history are "no longer relevant to a consideration of whether this [C]ourt should exercise its discretion to correct an error") (citations omitted).

It is clear from *Rosales-Mireles* that the Supreme Court "expects relief to 'ordinar[il]y' be available to defendants in sentencing cases when the first three prongs were met." *Urbina-Fuentes*, 900 F.3d at 699; *accord Kelley*, 40 F.4th at 287-88 (under *Rosales-Mireles*, this Court is "required to hold that a plain [and prejudicial Guidelines calculation] error . . . violates the fourth prong of the plain error analysis"). "While the defendant bears the burden of persuasion at prong four,

*Rosales-Mireles* instructed that '[i]n the ordinary case, proof of a plain Guidelines error that affects the defendant's substantial rights is sufficient to meet that burden.'" *United States v. Herndon*, 807 Fed. Appx. 286, 291 (5th Cir. 2020) (unpublished) (quoting *Rosales-Mireles*, 585 U.S. at 142 n.4). Accordingly, the Court should exercise its discretion to correct the error in this case, and remand for resentencing with the correct Guidelines range of 324 to 405 months' imprisonment.

**ISSUE TWO RESTATED:** The district court reversibly erred by imposing Section 2G2.2(b)(3)(B)'s five-level distribution enhancement.

**A.     Standard of review.**

This Court "review[s] the district court's interpretation of the Sentencing Guidelines de novo" and "its factual findings for clear error." *United States v. Lawrence*, 920 F.3d 331, 334 (5th Cir. 2019) (citations omitted). If the district court committed "a significant procedural error," such as misapplying the Sentencing Guidelines, "remand is required unless the government can establish that the error was harmless." *United States v. Halverson*, 897 F.3d 645, 651 (5th Cir. 2018).

**B.     The Section 2G2.2(b)(3)(B) enhancement requires evidence that the defendant distributed child pornography to another person for the specific purpose of obtaining something of valuable consideration from that other person.**

Section 2G2.2(b)(3) of the 2024 edition of the United States Sentencing Guidelines provides for tiered distribution enhancements, including the following:

(3)     (Apply the greatest):

(A)     If the offense involved distribution for pecuniary gain, increase by the number of levels from the table in §2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the retail value of the material, but by not less than **5** levels.

(B)     If the defendant distributed in exchange for any valuable consideration, but not for pecuniary gain, increase by **5** levels.

. . .

> (F)    If the defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E), increase by **2** levels.

USSG § 2G2.2(b)(3)(A)-(B), (F).

The commentary to this Guideline, which is "authoritative," *United States v. Fucito*, 129 F.4th 289, 293 (5th Cir. 2025), defines the five-level Section 2G2.2(b)(3)(B) enhancement as follows:

> "The defendant distributed in exchange for any valuable consideration" means the defendant agreed to an exchange *with another person* under which the defendant knowingly distributed *to that other person* for the specific purpose of obtaining something of valuable consideration *from that other person*, such as other child pornographic material, preferential access to child pornographic material, or access to a child.

USSG § 2G2.2, comment. (n.1) (emphasis added).

The Sentencing Commission last amended this Guideline in 2016, making two significant clarifications. First, the Commission revised the text of Section 2G2.2(b)(3)(F) to specify that the residual two-level enhancement applies only if the defendant "knowingly" engaged in distribution, *e.g.*, the defendant not only used a file-sharing program but "knew of the file-sharing properties of the program." USSG Supp. to App. C, amend. 801.[6]

---

[6] In doing so, the Commission rejected the view of this Court, which had permitted the Section (b)(3)(F) enhancement regardless of whether the defendant knew of the file-sharing properties. *See* USSG App. C, amend. 801 (citing *United States v. Baker*, 742 F.3d 618, 621 (5th Cir. 2014)).

Second, the Commission addressed a circuit conflict with respect to the circumstances under which the five-level enhancement for an exchange for valuable consideration should apply. The Commission noted that courts had "generally agree[d] that mere use of a file-sharing program or network, without more, [was] insufficient for application" of Section (b)(3)(B)'s five-level enhancement. USSG Supp. to App. C, amend. 801. But the circuits had "taken distinct approaches with respect to the circumstances under which" the five-level enhancement, as opposed to Section (b)(3)(F)'s two-level enhancement, should apply. USSG Supp. to App. C, amend. 801. The Fourth Circuit had held that the five-level enhancement applied "when the defendant (1) 'knowingly made child pornography in his possession available to others by some means'; and (2) did so 'for the specific purpose of obtaining something of valuable consideration, such as more pornography.'" USSG Supp. to App. C, amend. 801 (quoting *United States v. McManus*, 734 F.3d 315, 319 (4th Cir. 2013)). By contrast, this Court had held that the enhancement generally would apply whenever "the defendant knowingly use[d] file-sharing software." USSG Supp. to App. C, amend. 801 (citing *United States v. Groce*, 784 F.3d 291, 294 (5th Cir. 2015)).

After describing those distinct approaches, the Commission did not indicate that it was following either approach, but revised the text of Section (b)(3)(B) and the commentary in a way that clearly rejected *Groce*'s holding, as this Court has

recognized. *See Halverson*, 897 F.3d at 651-52; *see also United States v. Morehouse*, 34 F.4th 381, 387-93 (4th Cir. 2022) (explaining that, while the 2016 amendment was partially consistent with *McManus*, it also abrogated that decision by narrowing *McManus*'s first factor by requiring an "exchange," not just a mere "expectation of receipt," and by adding other requirements, *i.e.*, "that the defendant 'agreed to an exchange with another person' in order to receive something of value 'from that other person,' and that the defendant 'knowingly distributed [the material] to that other person'") (quoting USSG § 2G2.2, comment. (n.1)). "[T]he 2016 amendment clarified that the distributor must have sent the pornography with the intent that the receiver (and not some third party) give valuable consideration in return." *Fucito*, 129 F.4th at 295 n.4. The Commission explained that its amendments were "an appropriate way to account for the higher level of culpability when the defendant had the specific purpose of distributing child pornographic material to another person in exchange for valuable consideration." USSG Supp. to App. C, amend. 801.

**C.    The government failed to prove that Mr. Lopez agreed to exchange child pornography with another person for the specific purpose of obtaining something of value in return from that person.**

As detailed above, the five-level distribution enhancement requires the government to prove a quid pro quo agreement—that the defendant agreed to exchange child pornography with another person for the specific purpose of obtaining something of value in return from that person, and not some third party.

*Fucito*, 129 F.4th at 295 n.4; *Halverson*, 897 F.3d at 652. In Mr. Lopez's case, the government failed to meet that burden.

None of the facts in the PSR demonstrate that Mr. Lopez had a quid pro quo agreement "*with another person*" to "knowingly distribute[] *to that other person* for the specific purpose of obtaining something of valuable consideration *from that other person*." USSG § 2G2.2, comment. (n.1) (emphasis added). The PSR Addendum justified the five-level enhancement by pointing to the fact that Mr. Lopez "admitted he accessed chatrooms which required the distribution of child pornography to receive additional images (see PSR, Paragraphs 22 and 23)." ROA.988. Paragraph 22 noted that Mr. Lopez, while in the custody of the Brazoria County, Texas, Sheriff's Office, "stated he joined chatrooms created for the purposes of sending and receiving child pornography." ROA.581 (PSR ¶ 22). Paragraph 23 described the probation officer's conversation with the case agent:

> On July 25, 2024, the probation officer spoke with the HSI case agent. He confirmed the details of the case and explained the process in which the defendant sought and distributed child pornography. The defendant entered various chatrooms which required him to submit child pornography images to receive additional child pornography images. The agent noted some of these sources required frequent submissions to avoid being a "lurker," someone who views but does not contribute. The agent confirmed the defendant continued to seek and distribute child pornography whenever he was released from custody.

ROA.581 (PSR ¶ 23). Those facts fall short of demonstrating that Mr. Lopez had any quid pro quo agreement with another person to exchange child pornography

"with the intent that the receiver (and not some third party) give valuable consideration in return." *Fucito*, 129 F.4th at 295 n.4.

Application of the five-level enhancement in Mr. Lopez's case cannot be squared with this Court's decision in *Halverson*. In *Halverson*, the district court applied the five-level distribution enhancement based on the testimony of undercover Homeland Security Investigations Special Agent Baker:

> Baker said that Halverson was well-educated in computer systems and that Halverson's use of peer-to-peer network applications gave him preferential access to more child pornography. Baker explained that the result of Halverson's increased sharing would allow him to receive preferential access to his requested downloads. Baker said that Halverson made great efforts to conceal his computer activities; indeed, he possessed documents instructing how to avoid child pornography investigation. Baker further testified that Halverson shared complete files with him, not reconstructed fragments. But Baker stated that Halverson had not sought anything from him in exchange for sharing files.

897 F.3d at 649. The agent's testimony established Halverson knowingly used a peer-to-peer network application that gave him preferential access to more child pornography and an undercover agent's access to that same network application allowed him to download complete files of child pornography from Halverson. Yet the Court held that the district court erred by applying the five-level enhancement because "the government failed to present any evidence to show that Halverson distributed any child pornography to receive 'something of valuable consideration

*from that [ ] person' with whom he traded.*" *Id.* at 652 (emphasis added) (quoting USSG § 2G2.2, comment. (n.1)).

Similar to Halverson's knowing use of peer-to-peer network applications through which he distributed child pornography and received preferential access to more child pornography, Mr. Lopez admitted that he "joined chatrooms created for the purposes of sending and receiving child pornography," and the case agent told the probation officer that Mr. Lopez "entered various chatrooms which required him to submit child pornography images to receive additional child pornography images." ROA.581 (PSR ¶¶ 22-23). But just like in *Halverson*, there was no evidence that Mr. Lopez had a quid pro agreement with another person to distribute child pornography to receive more child pornography from that other person. *Halverson*, 897 F.3d at 652; USSG § 2G2.2, comment. (n.1). Because the government did not provide the requisite evidence of a quid pro quo agreement, the district court erred by enhancing Mr. Lopez's sentence under Section 2G2.2(b)(3)(B).

**D.     The government cannot meet its heavy burden to prove that the district court's error was harmless.**

"An error that impacts the Guidelines range is usually prejudicial even when the defense did not identify the error at trial." *United States v. Martinez*, 12 F.4th 473, 476 (5th Cir. 2021) (citing *Molina-Martinez v. United States*, 578 U.S. 189, 198, 201 (2016)). "When, as here, [the] defense urges correction in the trial court,

the government must prove '(1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing.'" *Id.* (quoting *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010)); *see also United States v. Redmond*, 965 F.3d 416, 420 (5th Cir. 2020); *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017). To meet that burden, "the government 'must show that the [sentence] the district court imposed was not influenced in any way by the erroneous Guideline calculation.'" *United States v. Perlaza-Ortiz*, 869 F.3d 375, 377 (5th Cir. 2017). "Establishing harmless error is a 'heavy burden[.]'" *United State v. Alfaro*, 30 F.4th 514, 520 (5th Cir. 2022) (quoting *Ibarra-Luna*, 628 F.3d at 717); *United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016) (same).

The government cannot meet its heavy burden on the record in this case. Instead of erroneously applying the five-level distribution enhancement under Section 2G2.2(b)(3)(B), the district court should have applied the two-level enhancement for "knowingly engag[ing] in distribution." USSG § 2G2.2(b)(3)(F). That would have decreased Mr. Lopez's total offense level from 42 to 39. *See* ROA.583-585 (PSR ¶¶ 39-53). With a lower offense level of 39, Mr. Lopez's offense was less culpable than the district court viewed it at sentencing. The district court referenced the offense level of 42 at sentencing, ROA.78, and an offense level of 42

is just one level lower than the Sentencing Table's maximum possible offense level of 43. *See* USSG Ch. 5, Pt. A (Sentencing Table).

Combining the lower offense level of 39 with Mr. Lopez's criminal history category of V would still yield a Guidelines range of 360 months to life. But the offense level of 42 placed Mr. Lopez deep into the area of the Guidelines Sentencing Table where the ranges are all 360 months to life. By contrast, the intersection of offense level 39 and category V falls much closer to lower Guidelines ranges:

### SENTENCING TABLE
#### (in months of imprisonment)

| Offense Level | Criminal History Category (Criminal History Points) | | | | | |
|---|---|---|---|---|---|---|
| | I<br>(0 or 1) | II<br>(2 or 3) | III<br>(4, 5, 6) | IV<br>(7, 8, 9) | V<br>(10, 11, 12) | VI<br>(13 or more) |
| 1 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 |
| *** | | | | | | |
| 36 | 188–235 | 210–262 | 235–293 | 262–327 | 292–365 | 324–405 |
| 37 | 210–262 | 235–293 | 262–327 | 292–365 | 324–405 | 360–life |
| 38 | 235–293 | 262–327 | 292–365 | 324–405 | 360–life | 360–life |
| 39 | 262–327 | 292–365 | 324–405 | 360–life | 360–life | 360–life |
| 40 | 292–365 | 324–405 | 360–life | 360–life | 360–life | 360–life |
| 41 | 324–405 | 360–life | 360–life | 360–life | 360–life | 360–life |
| 42 | 360–life | 360–life | 360–life | 360–life | 360–life | 360–life |
| 43 | life | life | life | life | life | life |

The district court may have been more receptive to Mr. Lopez's mitigation arguments had the offense level of 42 not situated Mr. Lopez so firmly into the Sentencing Table's 360-to-life territory. For example, Mr. Lopez argued for a variance based on the two-level computer enhancement, since that enhancement

applies in nearly every case and thus does not distinguish between defendants' culpability. ROA.77, 570-572. At level 42, category V, eliminating the two-level computer enhancement would still result in a Guidelines range of 360 to life. But at level 39, category V, not applying that enhancement would have reduced the Guidelines range to 324 to 405 months.

The district court imposed a low end sentence of 360 months' imprisonment, ROA.92, implicitly rejecting both Mr. Lopez's argument for a downward variance to 240 months, ROA.87-91, and the government's request for a sentence of 480 months, ROA.79, 86. The court simply explained that it "ha[d] considered the Guidelines and f[ound] that a sentence within the Advisory Guidelines [wa]s consistent with and t[ook] into account all of the purposes of 18 United States Code, Section 3553." ROA.92. All the facts and circumstances of Mr. Lopez's case appear to have persuaded the district court to not sentence as high as the government requested, but also did not persuade the court to sentence below the Guidelines. The district court was silent on how it would have sentenced Mr. Lopez had it considered a lower, less culpable offense level of 39. On this record, the government cannot show that the error was harmless, and the Court should vacate Mr. Lopez's sentence and remand for resentencing without the Section 2G2.2(b)(3)(B) enhancement. *See, e.g.*, *Martinez*, 12 F.4th at 476 (vacating the sentence and remanding for resentencing when the district court "did not indicate that it would have imposed the

same sentence" even if it had erred in its Guidelines calculations); *United States v. Mecham*, 950 F.3d 257, 268 (5th Cir. 2020) (similar); *cf. United States v. Escalante-Reyes*, 689 F.3d 415, 424-25 (5th Cir. 2012) (en banc) (holding that a defendant was prejudiced by a district court's error of relying on an improper factor when the record showed that the court's "mercy" at sentencing may have been "tempered" by reliance on that improper factor).

Alternatively, if the Court agrees with the merits of Mr. Lopez's arguments on Issues One and Two, the correct Guidelines range would be 235 to 293 months' imprisonment, based on a total offense level of 34 and criminal history category of V. *See* ROA.583-585 (PSR ¶¶ 39-53); USSG Ch. 5, Pt. A (Sentencing Table). That the district court's sentence of 360 months' imprisonment corresponded precisely to the bottom of the higher, incorrect range means that the government cannot show that the district court's sentence was "uninfluenced [by] the improperly calculated range." *Redmond*, 965 F.3d at 421; *see also Alfaro*, 30 F.4th at 521 (concluding that a Guidelines calculation error was not harmless when the court imposed a sentence at the bottom of the Guidelines range it adopted, "which support[ed] the inference that the Guidelines calculation influenced the sentence"); *Redmond*, 965 F.3d at 421-22 (collecting cases where the district court imposed a sentence corresponding to the low end of the improperly calculated Guidelines range and this Court "vacated and remanded based on a Guidelines error because it was clear that the improperly

calculated Guidelines range influenced the court's sentence"). Accordingly, the Court should remand for resentencing under the correct Guidelines range of 235 to 293 months' imprisonment.

## CONCLUSION

For foregoing reasons, the Court should hold that the district court misapplied Section 2G2.2(b)(5)'s pattern enhancement and Section 2G2.2(b)(3)(B)'s five-level distribution enhancement, and remand for resentencing with the correct Guidelines calculations of total offense level 34, criminal history category V, and range of 235 to 293 months' imprisonment. Alternatively, for the reasons stated in Issue One, the Court should remand for resentencing with the correct Guidelines calculations of level 37, category V, and range of 324 to 405 months' imprisonment. Or for the reasons stated in Issue Two, the Court should remand for resentencing with the correct Guidelines calculations of level 39, category V, and range of 360 months to life imprisonment.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas

s/ Kathryn Shephard
KATHRYN SHEPHARD
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

## CERTIFICATE OF SERVICE

All parties required to be served with copies of this document have been so served by filing via the Fifth Circuit ECF filing system.

s/ Kathryn Shephard
KATHRYN SHEPHARD

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 7,317 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 (current version) software in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.

3.      This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because the brief has been redacted of any personal data identifiers.

4.      This brief complies with the electronic submission of 5th Cir. R. 25.2.1 because this brief is an exact copy of the paper document.

5.      This document is free of viruses because the document has been scanned for viruses with the most recent version of a commercial virus scanning program.

s/ Kathryn Shephard
KATHRYN SHEPHARD